[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11181

Non-Argument Calendar

_____

KYRON SHAKEEL SWASO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A243-002-589

_____

Before ROSENBAUM, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Kyron Swaso, an immigration detainee proceeding *pro se*, was charged as removable under § 237(a)(1)(B) of the Immigration and Nationality Act ("INA"). During his removal proceedings, Swaso filed a request to be released on bond, which the Immigration Judge ("IJ") denied in a written decision and order entered on March 6, 2025. Swaso then mailed to us an "Appellate Brief Review," which we construe as a petition for review of the IJ's March 6 decision and order. The government moves to dismiss Swaso's petition for lack of jurisdiction, arguing that Swaso's removal proceedings remain pending and that there is no "final order of removal" over which we can exercise appellate jurisdiction.

In immigration cases, our jurisdiction is limited to "final order[s] of removal." INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); *Jaggernauth v. U.S. Att'y Gen.*, 432 F.3d 1346, 1350 (11th Cir. 2005). A final order of removal determines that an alien is removable or directs removal of an alien. *See* INA §§ 101(a)(47)(A), 240(c)(1)(A), 8 U.S.C. §§ 1101(a)(47)(A), 1229a(c)(1)(A). Because Swaso's removal proceedings remain pending, there is no final order of removal, and we thus lack jurisdiction over Swaso's construed petition for review.

Accordingly, the government's motion to dismiss is GRANTED and this appeal is DISMISSED for lack of jurisdiction. All other pending motions are DENIED as moot.